**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
MICHAEL DISTEFANO and NICOLE
DISTEFANO,

                Plaintiffs,

       - against -

LAW OFFICES OF BARBARA H.
KATSOS, PC and BARBARA H. KATSOS,

                Defendants.
------------------------------------------------------------X

                **DECISION**
             **AND ORDER**
         CV 11-2893 (JS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      This case was initiated as an adversary proceeding in a Chapter 11 bankruptcy filed by

Michael Distefano and Nicole Distefano ("Plaintiffs" or the "Distefanos") in the United States

Bankruptcy Court for the Eastern District of New York.  The proceeding was withdrawn from the

Bankruptcy Court on August 23, 2010.  *See* Compl. [DE 1-4].  In the Complaint, Plaintiffs assert

claims for breach of contract, negligence/legal malpractice, and breach of fiduciary duty/duty of

care against Defendants Barabara H. Katsos and the Law Offices of Barbara H. Katsos

("Defendants" or "Katsos").  *Id*.

      According to the Complaint, Michael Distefano and non-party Frank Treglia are owners

of SharpImage Enterprises LLC ("SharpImage").[1]  *Id*. ¶¶ 12.  SharpImage is the franchisee of

three Cold Stone Creamery, Inc. ("Cold Stone") ice cream parlors (the "Franchises").  *Id*. ¶ 13.

In October of 2006, the Franchises began experiencing financial difficulties due to an extended

power blackout in July of 2006 and were having problems meeting their obligations to their

---

[1]     SharpImage is listed as a plaintiff in the Bankruptcy Court adversary proceeding, but is
not a plaintiff in the instant action withdrawn from the Bankruptcy Court.

creditors. *Id*. ¶ 15. As a result, Michael Distefano sought legal advice from Barbara Katsos and eventually retained her. *Id*. ¶¶ 16-17. Plaintiffs allege that Katsos negligently and ineffectively advised the Distefanos to establish an irrevocable trust (the "Distefano Trust") in order to protect Michael Distefano's personal assets from the creditors of SharpImage. *Id*. ¶ 11. Plaintiffs further allege that Katsos' advice not to negotiate with Michael Distefano's and SharpImage's creditors alienated one of the creditors, Telerent Leasing Corporation ("Telerent"), causing Telerent to sue the Distefanos, SharpImage, and Treglia (the "Telerent Lawsuit"). *Id*. ¶¶ 23-24. As a result of Katsos' alleged negligent representation in the Telerent Lawsuit, Plaintiffs claim to have incurred substantial losses which ultimately led to Plaintiffs filing for bankruptcy. *Id*. ¶¶ 25-28. Plaintiffs assert additional acts of professional negligence, including (1) Katsos' representation of Frank Treglia without obtaining a waiver of conflict of interest from Plaintiffs, *id*. ¶¶ 29-36, (2) Katsos' failure to pursue an insurance claim on behalf of Plaintiffs for their losses resulting from the July 2006 power blackout, *id*. ¶¶ 37-39, and (3) Katsos' failure to take action to prevent Cold Stone from terminating the Franchises, *id*. ¶¶ 40-48.

This Order addresses Plaintiffs' Motion to Compel [DE 21] and Defendants' Motion to Compel [DE 23]. Plaintiffs' motion for sanctions will be addressed in a separate Order.

**A.      Plaintiffs' Motion to Compel**

Before addressing the merits of Plaintiffs' motion, the Court first points out an issue regarding the form of the motion. In a February 17, 2012 Civil Conference Minute Order, the Court waived its three-page limitation for the motion so that Plaintiffs could comply with Local Rule 37.1 and set forth the text of the discovery demands and responses at issue. *See* DE 13. Plaintiffs' twenty-three page, single spaced motion does not comply with the spirit of that Order.

Most of the excess pages were used to argue Plaintiffs' position, not set forth the verbatim discovery demands and responses. This approach is particularly troublesome since Plaintiffs did not cite a single case in support of their arguments in the entire twenty-three pages. Notwithstanding these deficiencies, the Court will address the merits of the motion.

## 1. *"Possible" Failure to Comply with Paragraph 6 of the Court's February 27, 2012 Order*

On February 17, 2012, the Court ordered Defendants to produce certain confidential documents to Plaintiff's counsel on an "attorney's eyes only" basis within one week. DE 13. Defendants did not produce any documents within that time frame and Plaintiff seeks confirmation that no responsive documents exist. DE 21 at 2. In response, Defendants state that the only documents withheld were privileged documents for which a log was provided. DE 22 at 2. Thus, the Court will take no further action with respect to this request at this time.

## 2. *Defendants' Rule 26(a) Disclosures*

Defendants have served Initial Disclosures pursuant to Rule 26(a) as well as supplemental disclosures. Plaintiffs state that "[n]otably absent [from the disclosures] are persons with whom Defendants may have spoken with respect to setting up the trusts that are the subject of many of the malpractice claims" and "persons representing creditors that Defendants may have spoken to." DE 21 at 3. Therefore, Plaintiffs seek to have Defendants "revisit" their disclosures. In response, Defendants state that "[i]n regards to other potential witnesses to whom plaintiff discusses, defendants have previously adopted plaintiffs witnesses from plaintiffs' initial disclosures." DE 22 at 2. This response does not address Plaintiffs' concern. The Court is therefore ordering Defendants' counsel to confirm the completeness of the Rule 26(a) Initial Disclosures with his client and supplement the disclosures if necessary. Defendants are also

directed to supplement the disclosures with the telephone numbers and addresses for the individual witnesses listed in the Rule 26(a) disclosures.  *See* Fed. R. Civ. P. 26(a)(1)(A)(I).

Plaintiffs also take issue with Defendants' addition of certain family members of Michael Distefano and Plaintiffs' attorney, Richard L. Rosen, to the disclosures.  Plaintiffs state that these late additions are "harassing in nature" and they seek sanctions in the form of an order barring Defendants from using any testimony or information from these witnesses in support of their claim, or, in the alternative, seek leave to file "a protective order with respect to any discovery from the newly added witnesses."  DE 21 at 3.

A court may prohibit a party "from introducing designated matters into evidence" as a sanction for failure to comply with a court order.  Fed. R. Civ. P. 37(b)(2)(A)(ii).  Such an order would be inappropriate in these circumstances.  First, Plaintiffs have not demonstrated that Defendants violated an Order of this Court.  Indeed, it may be the case that Defendants were merely complying with their duty to supplement their Rule 26(a) disclosures when "the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).  Indeed, there is some indication in Defendants' response that the witnesses were added in light of information not known to Defendants when they served their Initial Disclosures.  DE 22 at 1-2.  In any event, Plaintiffs have not demonstrated bad faith on the part of the Defendants or prejudice to their case which would justify the imposition of what courts have described as a "'harsh' remedy to be 'imposed only in rare situations.'"  *Kosher Sports, Inc. v. Queens Ballpark Co., LLC*, No. 10-CV-2618, 2011 WL 3471508, at *14 (E.D.N.Y. Aug. 5, 2011) (quoting *Update Art, Inc. v. Modiin Publ'g Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988)); *see Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 68 (E.D.N.Y. 2012).

Plaintiffs also request an Order directing Defendants to state the subjects on which the disclosed witnesses possess information and imposing sanctions for their failure to provide this information. Pursuant to Rule 26(a)(1)(A)(I), a party must disclose all individuals likely to have discoverable information "along with the subjects of that information." The Court therefore directs Defendants to supplement their disclosures to comply with this provision. At this juncture, the Court will not impose sanctions for this lack of compliance.

### 3. *Interrogatory Responses*

Plaintiffs seek an Order compelling Defendants to verify their interrogatory responses. DE 21 at 4. Defendants state that a verification is attached to their opposition as Exhibit B. DE 22 at 2. The attached verification is, however, unsigned. *See* DE 22-2. The Defendants are directed to provide Plaintiffs with their interrogatory responses executed by their clients if they have not already done so.

Plaintiffs also take issue with Defendants' responses to certain interrogatories. Plaintiffs' Interrogatory No. 1 requests the identity of "each person who may have knowledge regarding the claims or defenses in this matter" and requests a general description of the knowledge the individual possesses. DE 21 at 4. The Court has already addressed this issue in its discussion of Defendants' Initial Disclosures and Defendants shall comply accordingly.

Plaintiffs' Interrogatory No. 4 asks Defendants to identify, for each Plaintiff, "the scope of any legal representation undertaken on their behalf by the Defendants." DE 21 at 5. Defendants objected, but also answered as follows:

> Without waiving said objections, see the information contained in Defendants' Response to Plaintiffs' First Demand . . . including but

> not limited to the retainer agreement executed by any plaintiff and
> any defendants.

*Id.* Thereafter, Defendants served amended responses in which they objected on the grounds that the interrogatory was a contention interrogatory and, therefore, improper until discovery is completed. In the Defendants' supplemental response, they stated that they were "retained to prepare and establish an irrevocable trust for the plaintiff and to represent the plaintiff in certain litigation involving Telerant in New York and North Carolina." *Id.* at 6. Plaintiffs argue that they are entitled to an answer to this interrogatory without it being subject to an objection and state that the two interrogatory responses appear to be in conflict since the retainer agreements are broader than the scope of representation described in the Defendants' supplemental response.

A contention interrogatory asks "'another party to indicate what it contends, to state all facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts.'" *Nimkoff v. Dollhausen*, 262 F.R.D. 191, 195 (E.D.N.Y. 2009) (quoting *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 233 (E.D.N.Y. 2007). Unlike the Southern District of New York, which bars contention interrogatories until the conclusion of discovery, the Eastern District of New York does not *per se* limit the timing of contention interrogatories. *See* Local Civil Rule 33.3 (Southern District Only); *Foti ex rel. Louisiana v. Eli Lilly & Co.*, No. 05-CV-1455, 2008 WL 2858617, at *1 (E.D.N.Y. July 22, 2008). Courts in this district have, however, sustained objections to contention interrogatories served early in discovery on the grounds that they are premature. *See Linde v. Arab Bank, PLC*, No. 04-CV-2799, 2012 WL 957970, at *1 (E.D.N.Y. March 21, 2012); *Foti*, 2008 WL 2858617, at *1; *Strauss*, 242 F.R.D. at 234. As constituted, the Court does not consider Interrogatory No.

4 to be a contention interrogatory. Even assuming that it were, the Court overrules Defendants' objection on the grounds that the interrogatory is premature. This case has progressed beyond the early stages of discovery and Defendants have offered no reason why they cannot answer the interrogatory. Since Defendants have already answered the interrogatory, they need not serve an amended response unless they were withholding information based on their objection. As to Plaintiffs' statement that the two responses appear to be in conflict, Plaintiffs' counsel can explore this issue at Defendant Katsos' deposition.

### 4. *Privileged Treglia Documents*

According to a privilege log provided by Defendants, they are withholding certain documents relevant to Plaintiffs' claim that Defendants improperly engaged in the simultaneous representation of Frank Treglia and the Plaintiffs (the "Treglia Documents"). *See* DE 21 at 6. Plaintiffs seek an order compelling production of these documents, or, in the alternative, request that the Court conduct an *in camera* review. According to the brief description provided in the privilege log, these documents appear to be documents over which Frank Treglia, a non-party, may assert a privilege. *See* DE 21-4. Plaintiffs cite no case law in support of their request and make the conclusory argument that their interest outweighs "any privilege that should attach." DE 21 at 7. Defendants take the position that Katsos should not be compelled to violate the attorney-client privilege with respect to Frank Treglia. DE 22 at 2.

Plaintiffs have not demonstrated that they are entitled to the Treglia Documents. Before the Court will undertake an *in camera* review, Plaintiffs must first articulate the grounds on which their argument is based and provide support for their position. In general, the clients of an attorney who operates under a conflict of interest still have a right to have their attorney-client

7

communications remain privileged as against each other because "counsel's failure to avoid a conflict of interest should not deprive the client of the privilege." *Madanes v. Madanes*, 199 F.R.D. 135, 144 (S.D.N.Y. 2001) (internal quotations omitted); *see Collins v. City of New York*, No. 11-CV-766, 2012 WL 3011028, at *3 n.11 (E.D.N.Y. July 23, 2012) (the fact that an attorney operated under a conflict of interest does not automatically result in a waiver of the attorney-client privilege). If Plaintiffs wish to pursue further relief, they are to file a letter motion, not to exceed three pages, on ECF by April 12, 2013. The motion must be made on notice to Frank Treglia and must contain citations to case law supporting Plaintiffs' arguments.

The Court notes that Defendants have not asserted attorney work product privilege with respect to these documents. If they do intend to assert such a privilege, Defendants must notify Plaintiffs by April 12, 2013 or their right to do so will be deemed waived. Defendants should bear in mind that the party seeking to assert the work product privilege bears the burden of establishing that the documents were prepared to assist in anticipated or ongoing litigation. *Greenberg v. Bovis Lend Lease, Inc.*, No. 10-CV-897, 2012 WL 2367083, at *1 (E.D.N.Y. June 21, 2012); *Plumbers and Pipefitters Local Union No. 630 Pension-Annuity Trust Fund v. Arbitron, Inc.*, 278 F.R.D. 335, 340 (S.D.N.Y. 2011).

### 5.  *Organization of Document Production*

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E)(i), a party "must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Plaintiffs request an order compelling Defendants to comply with this Rule or, in the alterative, an order compelling Defendants to explain how their production was compiled. Plaintiffs also request that the Court consider sanctions "in the form

of compensation for Plaintiffs' counsel's time in reviewing and indexing the production."  DE 21 at 9.  In response, Defendants state that the documents were "produced generally as they were kept in the ordinary course of business, to the best of [Defendant Katsos'] recollection."  DE 22 at 2.

A party that produces documents as they are kept in the usual course of business must do more than merely represent to the court that the party complied with Rule 34(b)(2)(E)(i).  Courts frequently require the party to explain how its documents are organized in the ordinary course of business and what steps the party took to search and produce the documents.  *See, e.g., Century Jets Aviation LLC v. Alchemist Jet Air LLC*, No. 08-CV-9892, 2011 WL 724734, at *3-4 (S.D.N.Y. Feb. 8, 2011); *Synventive Molding Solutions, Inc. v. Husky Injection Molding Sys., Inc.*, 262 F.R.D. 365, 371 n.9 (D. Vt. 2009); *Pass & Seymour, Inc. v. Hubbell Inc.*, 255 F.R.D. 331, 333-38 (N.D.N.Y. 2008) (collecting cases).  The Court will therefore require Defendant Katsos to submit a detailed affidavit describing her filing system and the specific steps she took and the methods she utilized to collect documents responsive to Plaintiffs' requests.  In the alternative, Defendant Katsos may provide Plaintiffs' counsel with a specific response to each document demand providing the Bates numbers (or whatever identification method was  used) of specific documents which respond to each individual document demand.  Either the Affidavit or the compiled list for each document must be served on Plaintiffs' counsel by April  12, 2013.  Failure to provide this material by that date will subject Defendants to the imposition  of sanctions.

To the extent that Plaintiffs have questions about specific files, counsel is free to explore these questions at Defendant Katsos' deposition.  If necessary, the Court will consider a request

to extend the presumptive seven-hour time limit to enable counsel sufficient time to explore this area.  The Court declines to award sanctions to Plaintiffs at this time.

### 6.  *Document Request Nos. 3, 5, 6, 12, 19, 20, 61, 65, and 66*

Document Request Nos. 3, 5, 6, 12, 19, 20, 61, 65, and 66 seek electronically stored information ("ESI") stored on Defendant Katsos' computer that was apparently destroyed.  With respect to these requests, Plaintiffs seek (1) a negative evidentiary inference and (2) that Defendants identify any responsive lost or destroyed documents.  The matter of Defendant Katsos' computer and Plaintiffs' allegations of spoliation will be addressed in a separate Order.

### 7.  *Document Requests No. 8 and 9*

In Document Request No. 8, Plaintiffs seek "[a]ll documents concerning the qualification of Barbara Katsos to practice law in the State of New York."  DE 21 at 12.  Document Request No. 9 seeks all documents "evincing the education received by Barbara Katsos, such as diplomas, and her law school transcript."  *Id*.  Defendants asserted a number of boilerplate objections, including lack of relevance, repetitive, vague, overbroad, and ambiguous.  *Id*.  Plaintiffs maintain that the documents are relevant since Katsos' capacity to practice law is at issue in this case. Defendants argue that Document Request No. 8 should be narrowed and that Document Request No. 9 is a fishing expedition.  DE 22 at 3.

Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The definition of relevancy under Rule 26 is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in th[e] case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57

L.Ed.2d 253 (1978); *see Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir.1989) (holding that "the broad scope of discovery delimited by the Federal Rules of Civil Procedure is designed to achieve disclosure of all the evidence relevant to the merits of a controversy"); *Barrett v. City of New York*, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) (noting that the information sought "need not be admissible at trial to be discoverable").

Document Request No. 8 seeks relevant information since Defendant Katsos' qualifications to practice law are germane to Plaintiffs' claims of professional malpractice. Defendants' litany of non-specific, boilerplate objections to this straightforward request are inappropriate. *See In re Priceline.com Inc. Secs. Litig.*, 233 F.R.D. 83, 85 (D. Conn. 2005) ("[G]eneric, non-specific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure."); *Freydl v. Meringolo*, 09-CV-7196, 2011 WL 2566087, at *3 (S.D.N.Y. June 16, 2011) ("Boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy while producing no documents . . . are a paradigm of discovery abuse.") (quotations omitted). Moreover, Defendants' hypothetical question ("[A]re plaintiffs seeking photographs of diplomas and licenses that most attorneys keep framed in their office?") and generalized statement ("Most attorneys do not maintain any separate license or diploma.") set forth in their opposition to Plaintiffs' motion to compel, *see* DE 22 at 3, fail to satisfy their "burden of demonstrating that [their] objections should be sustained," *In re Priceline.com Inc. Secs. Litig.*, 233 F.R.D. at 85. Defendants are therefore directed to produce all documents responsive to Document Request No. 8.

Document Request No. 9, however, should be narrowed. Defendants are not required to produce the specific documents demanded in Document Request No. 9 (relating to Katsos' legal education) because the Court is not persuaded by Plaintiffs' proffer of relevancy. There is no allegation that Katsos misrepresented her legal education to Plaintiffs and the Court fails to see the connection between Katsos' course of study in law school years ago and her capacity to competently represent Plaintiffs. According to the Court's research, it appears that Katsos graduated from law school over fifteen years ago;[2] thus, any connection to a course of study would be a remote one. On the other hand, Defendant Katsos can easily provide a photo or copy of her law school diploma and admission to the Bar of the State of New York, unless these documents were already provided in response to Document Request No. 8.

### 8.     *Document Requests No. 13 through 15*

Document Request Nos. 13 through 15 seek information relating to Defendant Law Offices of Barbara H. Katsos, PC (the "Corporate Defendant"). Document Request No. 13 seeks "[a]ll documents establishing [the Corporate Defendant], including, without limitation, articles of incorporation and any filings with the New York Department of State." DE 21 at 13. Document Request No. 14 seeks "all documents reflecting the names, addresses, and telephone numbers of the officer, directors, or owners of the [Corporate Defendant]." *Id*. at 14. Defendants asserted numerous boilerplate objections and provided a response stating the date of incorporation of the Corporate Defendant and the fact that Defendant Katsos is and always has been its sole owner. DE 22 at 3. While the Court does not support Defendants' method of asserting objections, the Court nevertheless agrees that the bulk of this request is irrelevant. Plaintiffs argue that since

---

[2] *See* http://www.katsosnylaw.com/our-team/.

"they are suing an entity," the information is relevant, DE 21 at 14, but fail to explain how the requested documents relate to the claims or defenses in this case. Thus, Defendants shall produce the Certificate of Incorporation and nothing further unless and until Plaintiffs establish to the Court's satisfaction the good faith basis for requesting these materials as well as specific identification of the claims/defenses to which they are purportedly relevant.

Similarly, with respect to Document Request No. 15 which seeks income tax records for the Corporate Defendant, Plaintiffs merely state that they "believe they are entitled to this information." DE 21 at 14. Without more, and given the higher threshold required for production of tax returns under Second Circuit law, the Defendants are not required to respond further at this time.

### 9. Document Request No. 16

Document Request No. 16 seeks "[a]ll documents identifying all names and addresses of any corporations, partnerships, or business interests owned, in whole or in part, or operated, in whole or in part by the Individual Defendant Barbara Katsos." DE 21 at 15. Defendants initially asserted boilerplate objections to the request, but now agree to produce documents relating to "any other legal entities, any entities for asset protection, or any interest with Mr. Prounis." DE 22 at 3. The Court directs Defendants to produce documents responsive to this narrowed request, but will not require anything further since Plaintiffs have not explained how additional documents are relevant to their claims or defenses.

### 10. Document Request No. 44 and 45

Document Requests No. 44 and No. 45 seek documents regarding Defendants' representation of Franco Treglia. *See* DE 21 at 17-18. As discussed above, Plaintiffs have not

met their burden in overcoming the attorney-client privilege with respect to these documents. These documents are, however, relevant to Plaintiffs' claim that Defendants were operating under a conflict of interest. Thus, if any documents responsive to these requests are not listed on the privilege log provided by Defendants, Defendants are to supplement their privilege log accordingly.

### 11.    Document Requests No. 70 and 78

Document Request No. 70 seeks materials relating to Defendants' affirmative defenses. Document Request No. 78 seeks documents relating to witnesses or potential witnesses whom Defendants contacted in connection with the case. DE 21 at 20-22. Both of these requests are relevant and reasonable. Although Defendants initially objected to these requests, they now state that all "non-privileged documents have been produced . . . ." DE 22 at 4. The Court accepts this statement but cautions Defendants that (A) any document being withheld on privilege grounds must appear on the privilege log, and (B) any documents Defendants do not produce during discovery will likely be subject to an order of preclusion at trial. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).

**All of the material directed to be produced in this Section must be served on Plaintiffs' counsel no later than April 10, 2013.**

## B.    Defendants' Motion to Compel

Defendants' motion to compel, DE 23, does not comply with Local Civil Rule 37.1 in that Defendants have not set forth the verbatim text of the discovery requests and responses at issue. Like Plaintiffs' motion, Defendants' motion does not cite any legal authority for the relief sought. Moreover, according to Plaintiffs, Defendants failed to comply with the good faith meet-

and-confer requirement of Local Civil Rule 37.3. Despite these deficiencies, the Court is reluctantly addressing Defendants' requests.

Defendants first seek leave to serve a supplemental request for documents addressing damages information contained in Plaintiffs' supplemental Rule 26(a) disclosures. DE 23 at 1. Plaintiffs do not oppose the request. At the time Defendants' motion was filed, there were still approximately two months remaining before the fact discovery cut-off;[3] thus, Defendants did not need the Court's permission to serve the supplemental requests. Nevertheless, for the sake of clarity, and finality, the Court grants Defendants' request.

Defendants next seek an order directing Plaintiffs to "supply outstanding documents from the franchise litigation from Arizona" in the possession of Plaintiffs or Plaintiffs' counsel. *Id.* at 2. Plaintiffs do not address this request other than to object to the production of the files of Plaintiffs' counsel. Since Defendants have not provided the Court with the request at issue or Plaintiffs' response, the Court is unable to act in relation to this item, especially given the potential attorney-client privilege issues raised.

Defendants also request that Plaintiffs produce Joanne DiStefano, Michael DiStefano's mother, for a deposition or provide her last known address. DE 23 at 2. Plaintiffs oppose this request on the grounds that it is untimely and harassing. DE 25 at 5. Defendants do not state when and if they subpoenaed Joanne DiStefano. Defendants appear to be under the impression that it is Plaintiffs' responsibility to produce Joanne Distefano voluntarily and the Court therefore assumes no subpoena was issued. Plaintiffs are under no obligation to produce any non-party for deposition. Absent a duly issued subpoena, the Court will take no further action at this time. *See*

---

[3] After receiving the parties' motions, the Court held all deadlines in abeyance. *See* Electronic Order dated May 25, 2012.

Fed. R. Civ. P. 45; *Margel v. E.G.L. Gem Lab Ltd.*, No. 04-CV-1514, 2008 WL 2224288, at *8 (S.D.N.Y. May 29, 2008) (denying motion to compel plaintiffs to produce non-party witness for a deposition). As to Defendants' request for Joanne DiStefano's last known address, Plaintiffs have agreed to provide this information. DE 29 at 3.

In their motion, Defendants "wish to make the court aware that a potential conflict may exist with the representation of attorney Richard Rosen of the plaintiffs," since Defendants identified him as a witness in their Rule 26 disclosures. DE 23 at 2. Defendants also seek to take Attorney Rosen's deposition and seek an Order directing him to produce "any and all correspondence, including emails, which he or anyone from his office had with Ms. Katsos or her office." *Id*. According to Defendants, Attorney Rosen "had conversations with Ms. Katsos about the scope of representation by Mr. Rosen's firm in regards to the [Cold Stone] franchise litigation" during the time period in which Defendants represented Plaintiffs in that action – and before the initiation of the instant malpractice action. DE 23. Plaintiffs take the position that designating Attorney Rosen as a witness is a form of harassment. Without a good faith formal motion seeking disqualification of counsel, there is no action for the Court to take with respect to the "potential conflict." The Court continues to be aware that a conflict issue has been raised. Since it appears that Defendants have not issued a subpoena to non-party Attorney Rosen, there is likewise no action for the Court to take with respect to the demand for a deposition and documents.

**SO ORDERED.**

Dated:  Central Islip, New York
        March 29, 2013


/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge